Charles E. Simmons Chief Legal Counsel Department of Corrections Landon State Office Bldg., Suite 400-N Topeka, Kansas 66612-1284
Dear Mr. Simmons:
As chief legal counsel for the department of corrections, you request our opinion concerning 1994 senate bill no. 525 which became effective on May 19, 1994.
This bill concerns the procedure for the civil commitment of offenders who are determined to be sexually violent predators. Specifically, you ask whether the department of corrections must release to a prosecutor information on mental health reports, evaluations and reports of participation in certain programs, such as a sex offender treatment program.
Subsection (b) of section 3 provides:
 "The agency with jurisdiction shall inform the prosecutor of the following:
 "(1) The person's name, identifying factors, anticipated future residence and offense history; and
 "(2) documentation of institutional adjustment and any treatment received."
Ordinarily, medical, psychiatric, psychological and alcoholism or drug dependency treatment records which pertain to identifiable patients can be closed from public access. K.S.A. 45-221(a)(3). Individually identifiable drug abuse treatment records are confidential. K.S.A. 65-4608. Mentally ill persons' commitment and treatment records are also confidential. K.S.A. 1993 Supp. 59-212; 59-2931. Psychiatric evaluation reports of the Topeka correctional facility and the Lansing correctional facility are privileged, however, the district or county attorney, among others, are authorized to have access to such reports. K.S.A. 75-5266.
Furthermore, K.S.A. 45-221(a)(29) provides:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(29) Correctional records pertaining to an identifiable inmate, except that:
 "(A) The name, sentence data, parole eligibility date, disciplinary record, custody level and location of an inmate shall be subject to disclosure to any person other than another inmate; and
 "(B) the ombudsman of corrections, the corrections ombudsman board, the attorney general, law enforcement agencies, counsel for the inmate to whom the record pertains and any county or district attorney shall have access to correctional records to the extent otherwise permitted by law." (Emphasis added)
The language of the sexually violent predator act is not ambiguous as to what information the agency with jurisdiction (including the department of corrections) must give to the prosecutor. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629 (1992).
Medical, psychiatric, and psychological treatment records may be confidential and privileged from disclosure to the general public. However, in the case of inmates, county and district attorneys may inspect them where the statute specifically so allows. See K.S.A. 1993 Supp. 21-4605 (availability of presentence reports to counsel); K.S.A. 1993 Supp. 75-5266 (psychiatric evaluation reports available to the district and county attorney). We believe that the sexually violent predator act also gives the appropriate district and county attorney access to records of treatment that the subject prisoner received.
In conclusion, "[d]ocumentation of institutional adjustment and any treatment received" includes mental health reports and evaluations and participation records in a sex offender treatment program. Accordingly, the department of corrections must provide these records, which may be confidential and not open to the general public, to the prosecuting attorney of the county at the time of release of the person to whom the records pertain.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas